**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| $12,000.51 IN U.S. CURRENCY, | § | NO. 2:09-CV-279-J |
| | § | |
| Respondent *In Rem*, | § | |
| | § | |
| JESSICA NICOLE LOPEZ, | § | |
| | § | |
| Claimant. | § | |

## MEMORANDUM OPINION AND ORDER

The Government brought this civil action pursuant to 21 U.S.C. § 881(a)(6) seeking forfeiture of $12,000.51 in U.S. currency. Jessica Lopez claimed the entire amount. The matter was tried before the Court.

## FINDINGS OF FACT

The following facts were stipulated and are adopted by the Court:

1. On June 25, 2009, Potter County Sheriff's Office Deputy Wallace Jones stopped an Oldsmobile bearing a Texas license plate at the I-40 – Highway 287 split in Potter County, Texas.

2. Ronda Trejo McCurdy was the driver and sole occupant of the Oldsmobile.

3. Ronda Trejo McCurdy was traveling in the Northern District of Texas when the vehicle stop took place.

4. The traffic stop was for failing to signal a lane change and following too closely.

5. Ronda Trejo McCurdy was seen traveling to rental car establishments once on June 24, 2009 and once on June 25, 2009.

6. At the traffic stop, Ronda McCurdy Trejo consented to a search of the Oldsmobile she was driving.

7. Inside the Oldsmobile a large bundle of currency was discovered under the driver's seat. This bundle of currency was wrapped in layers of plastic coated with grease. Inside the plastic wrap were eight rubber-banded bundles of U.S. currency. The bundle was seized on June 25, 2009 and is the defendant property. The value of the currency in this bundle was $12,000.00. The additional 51 cents included within the defendant property is the result of interest accrual after the seizure.

8. On June 26, 2009, a canine inspection was conducted with a canine named Luno. Luno has been trained and certified in the detection of odors associated with controlled substances.

9. Jessica Lopez did in fact bundle the Defendant property into eight bundles and rubber-banded the bundles. Jessica Lopez did in fact wrap the defendant property in plastic wrap. Jessica Lopez did in fact coat the plastic wrap in grease in an effort to hide its scent. Jessica Lopez admitted to the bundling, wrapping, and coating of the defendant property in grease to Deputy Walters of the Potter County Sheriff's Office. Jessica Lopez also admitted to Deputy Walters that she coated the defendant property in grease in order to hide its scent.

10. On March 7, 2009, Jessica Lopez committed the offense of Possession of Controlled Substance with Intent to Deliver. On February 22, 2010, Jessica Lopez was convicted of

this offense. Jessica Lopez received a sentence of 5 years imprisonment to be served on probation for a term of 10 years.

11. Jessica Lopez reported $2861.90 in wages earned in the year 2009.
12. Ronda Trejo McCurdy denied ownership of the defendant property.

The Court finds the following additional facts:

13. Ronda Trejo McCurdy was stopped traveling on Interstate 40. I-40 is a route drug traffickers often follow.
14. The vehicle Ronda Trejo McCurdy was driving belonged to Jessica Lopez.
15. Jessica Lopez had concealed the packaged currency under the driver's seat of the vehicle.
16. Jessica Lopez filed a Claim for the entire amount of the defendant property on December 29, 2009.
17. The defendant property was packaged in a manner consistent with the drug trade.
18. The defendant property was coated in grease to hide its scent in a manner consistent with the drug trade.
19. During the canine inspection, Luno alerted on the unwrapped package of currency, indicating the presence of an odor of narcotics.
20. The defendant property contained a pink slip of paper on which was written "12,000 SR."
21. Jessica Lopez was unemployed from approximately September of 2008 to approximately July of 2009.
22. Jessica Lopez lived with her mother rent-free until March of 2009.

23. The defendant property is not derived from the cash withdrawal of child support payments, a 2008 tax return, or the sale of a vehicle, as asserted by Claimant.

24. Jessica Lopez was not storing the defendant property under the driver's seat of the vehicle searched on June 25, 2009 in order to conceal it from Raul Ordonoz, Jr., as asserted by Claimant.

25. The defendant property is traceable to an exchange of controlled substances.

## CONCLUSIONS OF LAW

The government brings this action pursuant to 21 U.S.C. § 881(a)(6). This Court has jurisdiction pursuant to 28 U.S.C. §§ l345 and l355(a). Venue is proper under 28 U.S.C. § 1355(b)(1) and 28 U.S.C. § 1395(b).

Under federal law, "[a]ll moneys . . . furnished or intended to be furnished . . . in exchange for a controlled substance[,] . . . all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate any violation of [the drug laws]" are subject to forfeiture to the United States. 21 U.S.C. § 881(a)(6). "[T]he burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture . . . ." 18 U.S.C. § 983(c)(1); *see also U.S. v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 508 (5th Cir. 2008). "The burden of showing something by a preponderance of the evidence . . . simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence before [he] may find in favor of the party who has the burden to persuade the [judge] of the fact's existence." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993) (quoting *In re Winship*, 397 U.S. 358 (1970) (Harlan, J., concurring)) (internal quotation marks omitted) (brackets in original).

In determining whether the government has carried its burden to show the property is subject to forfeiture, courts analyze the totality of the circumstances. *E.g., U.S. v. One 1987 Mercedes 560 SEL*, 919 F.2d 327, 331-32 (5th Cir. 1990); *U.S. v. $10,700.00 in U.S. Currency*, 258 F.3d 215, 227 (3rd Cir. 2001); *U.S. v. $99,990.00 in U.S. Currency*, 69 F.App'x 757, 763 (6th Cir. 2003); *U.S. v. Funds in the Amount of Thirty Thousand Six Hundred Seventy Dollars*, 403 F.3d 448, 467 (7th Cir. 2005); *U.S. v. $124,700 in U.S. Currency*, 458 F.3d 822, 826 (8th Cir. 2006). Considering the totality of the circumstances in this case, the Court finds that the Government has established by a preponderance of the evidence that the defendant currency is subject to forfeiture under 21 U.S.C. § 881(a)(6).

IT IS SO ORDERED.

Signed this 29th day of September, 2010.

/s/ Mary Lou Robinson
**MARY LOU ROBINSON**
UNITED STATES DISTRICT JUDGE